<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN SOSA, | Civil Action No. 12-1725 (DRD) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**APPEARANCES**:

    JOHN SOSA, #17399-050
    F.C.I. Edgefield
    P.O. Box 725
    Edgefield, South Carolina   29824
        *Petitioner Pro Se*

    JOSE ALMONTE, ASSISTANT UNITED STATES ATTORNEY
    UNITED STATES ATTORNEY
    970 Broad Street
    Newark, New Jersey 07101
        *Attorneys for Respondent*

**Debevoise, Senior U.S. District Judge**

    John Sosa filed a petition for a writ of error <u>coram</u> <u>nobis</u> challenging a judgment of conviction filed on September 14, 1994, in <u>United States v. Sosa</u>, Crim. No. 94-210 (JCL) (D.N.J. Sept. 14, 1994), after he pled guilty to possession of a firearm by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year, contrary to 18 U.S.C. § 922(g)(1).   The United States filed an Answer and Sosa filed a Reply.   After carefully reviewing the arguments of the parties and the record of the 1994 conviction, this Court will deny <u>coram</u> <u>nobis</u> relief.

## I.  BACKGROUND

A one-count information charged that Sosa, having been convicted of a crime punishable by imprisonment for a term exceeding one year in the State of New Jersey, knowingly possessed, in and affecting interstate commerce, a Sturm Ruger 357 magnum revolver and a .22 Burgo revolver, which had been transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1) and 2.[1]  See United States v. Sosa, Crim. No. 94-210 (JCL).  On April 25, 1994, while represented by counsel, Sosa pled guilty to the information in accordance with a written plea agreement dated February 9, 1994.  On September 14, 1994, Judge Lifland sentenced Sosa to a 39-month term of imprisonment, which Sosa has served.

On March 19, 2012, Sosa filed a petition for writ of error coram nobis, pursuant to 28 U.S.C. § 1651.  Sosa challenges the expired 1994 conviction on the ground that this Court lacked jurisdiction to convict him for violation of § 922(g) because he had not been convicted of an offense "punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 922(g)(1).  He argues that his attorney was constitutionally ineffective in failing to discern that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year and that he could not have challenged the conviction earlier because he was not aware of the legal basis for the claim until the Supreme Court decided Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010),

---

[1] At the time Sosa committed the offense in 1993, § 922(g) made it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(g)(1).

2

and the Fourth Circuit decided United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Sosa acknowledges that he was convicted on May 17, 1991, of third-degree burglary, contrary to N.J. STAT. ANN. § 2C:18-2, and sentenced to three years on probation, and that he was convicted on December 18, 1992, of third-degree terroristic threats, contrary to N.J. STAT. ANN. 2C:12-3, and third-degree unlawful possession of a weapon, contrary to N.J. STAT. ANN. § 2C:39-41, and sentenced to four years on probation. But he maintains that none of these offenses was punishable by imprisonment for a term exceeding one year because the statutory presumption of non-imprisonment set forth in N.J. STAT. ANN. § 2C:44-1(e) "prohibited [the court] from sentencing [him] to a state prison term ranging from three to five years." (ECF No. 1-1 at 8.) Sosa further contends that he is presently suffering continuing adverse consequences of the wrongful 1994 conviction because it was used to enhance the 210-month sentence he is now serving for conspiracy to distribute a controlled substance. See United States v. Sosa, Crim. No. 04-0412 (KSH) judgment (D.N.J. June 6, 2005).

In the Answer, the United States asserts that Sosa is not entitled to coram nobis relief because Sosa has not shown error with respect to the 1994 conviction, Sosa has not established sound reasons for failing to seek relief earlier, and Sosa has failed to establish that his attorney in the 1994 case was constitutionally ineffective. Sosa filed a Reply in which he expands on the arguments he raised in his petition. He argues that, although crimes of the third degree are punishable by three to five years in prison, see N.J. STAT. ANN. § 2C:43-6(a)(3), under § 2C:44-1(e), "persons convicted of 'crimes of the third degree,' or lesser degree offenses are subject to the presumption of non-incarceration except where the court makes a specific finding that there are aggravating factors which make imprisonment necessary." (ECF No. 15 at 13.) He reasons that

3

his convictions were not punishable by imprisonment for a term exceeding one year because his sentencing judges did not find that the aggravating factors made imprisonment for a term exceeding one year necessary.

## II. DISCUSSION

### A. Jurisdiction

This Court has the power to grant a writ of error coram nobis and vacate an expired conviction to correct errors of a fundamental character, such as deprivation of counsel in violation of the Sixth Amendment, provided "no other remedy [is] then available and sound reasons exist[] for failure to seek appropriate earlier relief." United States v. Morgan, 346 U.S. 502, 513 (1954). "To confine the use of coram nobis so that finality is not at risk in a great number of cases, [the Supreme Court] limit[ed] the availability of the writ to 'extraordinary' cases presenting circumstances compelling its use to 'achieve justice.'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting Morgan, 346 U.S. at 511). The authority to issue a writ of coram nobis is conferred by the All Writs Act, which permits "courts established by Act of Congress" to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a); see also Denedo, 556 U.S. at 911. "Because coram nobis is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." Denedo, 556 U.S. at 912-13. Although this Court may have jurisdiction to issue a writ of coram nobis in this case, Soto is not entitled to such relief because he has not asserted a fundamental error that rendered his 1994 conviction invalid.

## B. The Merits

In his coram nobis petition, Sosa argues that this Court lacked jurisdiction to find him guilty of violating 18 U.S.C. § 922(g) because, when he possessed the firearms, he had not been convicted of a crime punishable by imprisonment for a term exceeding one year. In order to establish a violation of § 922(g)(1)[2], the government must prove beyond a reasonable doubt: "(1) the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant knowingly possessed the firearm; (3) the firearm had travelled in interstate commerce." United States v. Higdon, 638 F.3d 233, 239-40 (3d Cir. 2011); accord United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000). What constitutes a conviction for a "crime punishable by imprisonment for a term exceeding one year" "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20).

The Presentence Investigation Report for Sosa's 1994 conviction shows that the § 922(g)(1) conviction was predicated on three New Jersey convictions. On May 17, 1991, based on a guilty plea to one count of third-degree burglary, contrary to N.J. STAT. ANN. § 2C:18-2, the Superior Court of New Jersey, Law Division, Union County, sentenced Sosa to three years on probation. On December 18, 1992, the Superior Court of New Jersey, Law Division, Essex County, sentenced Sosa to a 60-day term of imprisonment and four years on probation based on his guilty plea to one count of third-degree terroristic threats, in violation of N.J. STAT. ANN. § 2C:12-3, and one count of third-degree unlawful possession of a weapon, contrary to N.J. STAT. ANN. § 2C:39-4a.

---

[2] See supra n.1.

5

Sosa contends that his 1991 conviction for third-degree burglary in violation of N.J. STAT. ANN. § 2C:18-2 was not "punishable by imprisonment for a term exceeding one year" within 18 U.S.C. § 922(g) because he was sentenced pursuant to N.J. STAT. ANN. § 2C:44-1(e), which provided for a presumption against imprisonment. New Jersey law in effect at the time of the commission of Sosa's 1991 offense provided that a person convicted of a crime of the third degree may be sentenced to imprisonment "for a specific term of years which shall be fixed by the court and shall be between three years and five years." N.J. STAT. ANN. § 2C:43-6(a)(3). Sosa is correct that N.J. STAT. ANN. § 2C:44-1(e) provided for a presumption against imprisonment for first-time offenders, such as Sosa. That section provides:

> The court shall deal with a person convicted of an offense other than a crime of the first or second degree, who has not previously been convicted of an offense, without imposing a sentence of imprisonment unless, having regard to the nature and circumstances of the offense and the history, character and condition of the defendant, it is of the opinion that his imprisonment is necessary for the protection of the public under the criteria set forth in subsection [N.J. STAT. ANN. § 2C:44-1(a)].

N.J. STAT. ANN. § 2C:44-1(e).

Section 2C:44-1(e) allows the presumption of non-incarceration to be overcome if the sentencing judge "is of the opinion that [the defendant's] imprisonment is necessary for the protection of the public." N.J. STAT. ANN. § 2C:44-1(e). As the New Jersey Supreme Court explained in State v. Gardner, 113 N.J. 510, 517-18 (1989),

> [B]efore the presumption against imprisonment of a first offender who pleads guilty to a crime of the third degree may be overcome, the sentencing court must be persuaded by a standard that is higher than "clear and convincing" evidence that incarceration is necessary. And once the presumption has been overcome, the defendant must be sentenced according to the statutory guidelines . . . . For a third-degree offense, that would entail a prison term ranging from three to five years, N.J.S.A. 2C:43-6(a)(3)[.]

6

Id. at pp. 517-18 (emphasis in original) (citation omitted); see also State v Natale, 184 N.J. 458, 483 n.10 (2005) [3] ("When sentencing, a court first must make the 'in-out' decision - whether a term of imprisonment is appropriate in light of the relevant presumptions for and against incarceration . . . The presumptions in favor of imprisonment and non-imprisonment may be overcome as explained in N.J.S.A. 2C:44-1(d) and (e)[.]"); State v. Jabbour, 118 N.J. 1, 5 (1990) ("When sentencing, the trial court must decide whether incarceration is warranted, taking into account the presumption for and against imprisonment. Then the court must determine the length of the sentence.") (citations omitted).

Citing Gardner, the United States Court of Appeals for the First Circuit determined in United States v. Minnick, 949 F.2d 8, 9-10 (1st Cir. 1991), that under New Jersey law, a first offense conviction of a third-degree crime is "punishable by imprisonment for a term exceeding one year," within the meaning of 18 U.S.C. § 922(g)(1), because a sentencing judge could impose a three to five-year prison sentence for such a conviction pursuant to N.J. STAT. ANN. § 2C:44-1(e). The Court of Appeals observed that federal gun control legislation was enacted to keep firearms "away from persons, such as those convicted of serious crimes, who might be expected to misuse them." Id. (citation omitted). The court explained that "[c]onviction of a third-degree crime [in New Jersey] does not of itself, then, signify that an offender is so threatening to the public that he must be incarcerated. But whether a prison sentence was actually imposed is irrelevant to

---

[3] To satisfy the Sixth Amendment under Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), the Natale court eliminated presumptive terms of imprisonment, which, in the case of a third-degree crime, was four years. Natale, 184 N.J. at 483.

the purpose of § 922, which is to identify those people whose criminal backgrounds indicate unreliability with respect to firearms." Id. at 10. The Minnick court reasoned that third degree offenses in New Jersey identify those people whose criminal backgrounds indicate unreliability to possess firearms, particularly since a third degree New Jersey conviction prevents an offender from obtaining a gun permit in New Jersey.[4]

In this case, Sosa's first conviction for third-degree burglary exposed him to a three to five-year term of imprisonment. See N.J. STAT. ANN. §§ 2C:44-1(e), 2C:43-6(a)(3); Natale, 184 N.J. at 483; Gardner, 113 N.J. at 517-18. Accordingly, his third-degree burglary conviction was punishable by imprisonment for a term exceeding one year within the meaning of § 922(g), see Minnick, 949 F.2d at 9-10; Henries v. United States, Civ. No. 05-5013 (SDW), 2008 WL 2386170, *6-7 (D.N.J. Jun. 9, 2008), and Sosa's counsel was not constitutionally ineffective in failing to challenge his 1994 conviction on this basis.

Sosa argues, nevertheless, that Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), as interpreted by United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), undermines the conclusion that his first offender conviction for third-degree burglary was punishable by imprisonment for a term exceeding one year because his New Jersey sentencing court found that the aggravating factors did not warrant incarceration. Carachuri-Rosendo involved the question of whether

---

[4] New Jersey law prohibits "any person who has been convicted of any crime" from obtaining a gun permit. See N.J. STAT. ANN. § 2C:58-3(c)(1). N.J. STAT. ANN. § 2C:1-4(a) provides that an offense "for which a sentence of imprisonment in excess of 6 months is authorized, constitutes a crime within the meaning of the Constitution of this State. Crimes are designated in this code as being of the first, second, third or fourth degree." N.J. STAT. ANN. § 2C:1-4(a). By contrast, offenses designated in the code as disorderly persons offenses are not crimes. See N.J. STAT. ANN. § 2C:1-4(b); United States v. Booker, 270 F. App'x 176, 180 n.3 (3d Cir. 2008).

8

Carachuri-Rosendo, who had been ordered removed, was eligible to apply for cancellation of removal. The Board of Immigration Appeals and the Court of Appeals had ruled that he was ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3) because he had been convicted of an aggravated felony, since he had been convicted of two misdemeanors in Texas and, under Texas law, a person found guilty of a second misdemeanor was eligible for a sentencing enhancement if the state elected to seek the enhancement based on criminal history. The Court of Appeals reasoned that, "if the *conduct* proscribed by the state offense could have been prosecuted as a felony," had it been prosecuted in federal court, then the conviction qualified as an aggravated felony under § 1229b(a)(3). Carachuri-Rosendo, 560 U.S. at 572 (quoting 570 F.3d 263, 267 (5th Cir. 2009)). The Supreme Court reversed, holding that Carachuri-Rosendo's second misdemeanor conviction, for which he was sentenced to 10 days for the unauthorized possession of one Xanax, did not qualify as an aggravated felony, punishable by imprisonment for more than one year, where the Texas prosecutor had not charged or sought the recidivist enhancement. The Court reasoned that § 1229b(a)(3) "limits the Attorney General's cancellation authority only when the noncitizen has actually been 'convicted of a[n] aggravated felony' - not when he merely could have been convicted of a felony but was not." Carachuri-Rosendo, 560 U.S. at 578 (quoting 8 U.S.C. § 1229b(a)(3)).

Following the reasoning of Carachuri-Rosendo, the Fourth Circuit held in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), that Simmons' North Carolina conviction for possession with intent to distribute no more than 10 pounds of marijuana was not punishable by imprisonment for more than one year where the state prosecutor had not satisfied the requirements of North Carolina law for the imposition of a sentence exceeding 12 months. Under North Carolina law,

9

"an offender can receive an aggravated sentence only if: (1) North Carolina provides him with 30-days notice of its intent to prove the necessary aggravating factors, N.C. Gen. Stat. § 15A-1340.16(a6); (2) he admits (or a jury finds) the existence of those factors, id. § 15A:1340.16(a1); and (3) the sentencing judge issues written findings justifying such a sentence. Id. § 15A:1340-16(c)." Simmons, 649 F.3d at 245. The Fourth Circuit found that, even though the state statute setting forth the predicate offense proscribed only one type of conduct - possession with intent to sell marijuana - North Carolina had in essence created two offenses, one of which was punishable by up to one year in prison and the other which was punishable by more than one year. Id. at 247. The Fourth Circuit held that, because North Carolina had charged and found Simmons guilty of possession punishable by up to one year in prison, Simmons was not convicted of a North Carolina offense punishable by more than one year under the Controlled Substances Act.

The Fourth Circuit clarified, and limited, the holding of Simmons in United States v. Kerr, 737 F.3d 33 (4th Cir. 2013). In that case, a jury convicted Kerr of possession of a firearm after being previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), and the district court determined that he qualified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e). On direct appeal, relying on Simmons, Kerr argued that none of his three North Carolina convictions for breaking and entering was punishable by one year. The Fourth Circuit noted that, at the time of Kerr's North Carolina convictions, the law provided for sentencing within a mitigated range, a presumptive range, or an aggravated range, but the judge had the statutory authority to sentence in the aggravated range only if the state had provided the defendant with written notice of its intent to prove the aggravating factors at least 30 days before trial or entry of a plea. Because no such

10

notice had been provided to Kerr, the maximum presumptive sentence for each of Kerr's three breaking and entering convictions was 14 months. The state sentencing judge

> found, however, that the factors in mitigation outweighed those in aggravation and that a mitigated sentence was justified. The judge then exercised her discretion to depart from the presumptive range and sentenced Kerr in the mitigated range. The mitigated range included a possible maximum sentence of 11 months' imprisonment. Ultimately, the judge sentenced Kerr to 8 to 10 months' imprisonment.

Kerr, 737 F.3d at 36.

Relying on Carachuri-Rosendo and Simmons, Kerr argued on direct appeal that because the state sentencing judge decided to sentence him in the mitigated range, and the maximum sentence in the mitigated range was 11 months, he was not convicted of a state crime punishable by imprisonment in excess of one year. The Fourth Circuit rejected Kerr's argument and found that, because the North Carolina judge "remained free at all times to sentence Kerr to a presumptive prison term of up to 14 months," "the maximum possible prison sentence that Kerr *faced* for his prior state convictions exceeded one year[.]" Kerr, 737 F.3d at 38-39 (emphasis in original).

Carachuri-Rosendo and Simmons do not alter this Court's conclusion that Sosa's first third-degree conviction was punishable by imprisonment for a term exceeding one year. N.J. STAT. ANN. § 2C:44-1(e), which sets forth the presumption of non-imprisonment for a first offense, expressly authorized the sentencing judge to impose a five year term of imprisonment for Sosa's first conviction of a third-degree crime. See N.J. STAT. ANN. § 2C:44-1(e) ("The court shall deal with a person convicted of a[ third-degree] offense . . , who has not previously been convicted of an offense, without imposing a sentence of imprisonment unless, having regard to the nature and circumstances of the offense and the history, character and condition of the defendant,

11

it is of the opinion that his imprisonment is necessary for the protection of the public under the criteria set forth in [N.J. STAT. ANN. § 2C:44-1(a)]). Thus, as in Kerr, the New Jersey judge remained free at all times to sentence Sosa to a prison term of up to five years and his 1991 initial third-degree burglary conviction was "punishable by a term of imprisonment exceeding one year" within the meaning of 18 U.S.C. § 922(g)(1). See Minnick, 949 F.2d at 9-10; Gargano v. United States, 2014 WL 1725736 *6 (S.D.N.Y. Apr. 30, 2014) (distinguishing Carachuri-Rosendo and Simmons and holding that, although Gargano was sentenced to one year of probation for his first third-degree New Jersey conviction, he was convicted of a crime punishable by imprisonment for more than one year because "even without a recidivist finding, Gargano's New Jersey conviction alone exposed him to the possibility that the sentencing court *could* sentence him to five years imprisonment based on its balancing of the aggravating and mitigating factors.") (emphasis in original); Battle v. United States, 2012 WL 1067943 (S.D.W.Va. Mar. 29, 2012) (holding that Batttle's third-degree New Jersey conviction, for which he received a 36-day sentence, was a crime punishable by a term of imprisonment in excess of one year).

Sosa also argues that his 1992 New Jersey third-degree felony convictions were not punishable by incarceration for a term exceeding one year. He relies on N.J. STAT. ANN. § 2C:44-1(e), but he fails to mention that the presumption of non-incarceration applies only to a first offense.[5] See State v. Battle, 256 N.J. Super. 268, 285 (App. Div.), certif. denied, 130 N.J. 393 (1992) (holding that the presumption in favor of a noncustodial sentence under N.J. STAT. ANN.

---

[5] An "offense" was and continues to be defined in New Jersey as "a crime, disorderly persons offense or a petty disorderly persons offense unless a particular section of this code is intended to apply to less than all three." N.J. STAT. ANN. § 2C:1-14(k).

12

§ 2C:44-1(e) did not apply to Battle because the conviction was not his first offense). Finally, Sosa argues that because none of the sentences imposed for his New Jersey convictions exceeded one year of incarceration, he was not convicted of a crime punishable by imprisonment for a term exceeding one year within the meaning of § 922(g). This argument is clearly without merit, as the actual sentence imposed by a court is irrelevant to the determination of whether the offense was punishable by a term exceeding one year within the meaning of § 922(g)(1). See Dickerson v. New Banner Institute, Inc., 460 U.S. 103, (1983), superseded by statute, 18 U.S.C. § 921(a)(20) ("It was plainly irrelevant to Congress whether the individual in question actually receives a prison term; [§ 922(g)] imposes disabilities on one convicted of 'a crime *punishable* by imprisonment for a term exceeding one year'") (emphasis in original).

To summarize, each of Sosa's three third-degree convictions exposed him to a five-year term of incarceration. Accordingly, Sosa was convicted of a crime punishable by a term of imprisonment exceeding one year within the meaning of 18 U.S.C. § 922(g)(1), he has not shown a fundamental error with respect to his 1994 conviction for violation of § 922(g)(1), and he is not entitled to a writ of error coram nobis.

### III.   CONCLUSION

This Court denies the petition for a writ of error coram nobis.


    s/Dickinson R. Debevoise  
    DICKINSON R. DEBEVOISE  
    U.S.S.D.J.

Dated: February 12, 2015